UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILBERT MOISES LOPEZ, | ) | 1:06-CV-0321 AWI LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS PURSUANT TO 28 |
| | ) | U.S.C. § 2241 |
| | ) | |
| HARRELL WATTS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

     Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND[1]**

     Petitioner is currently in custody of the Bureau of Prisons at the Taft Correctional Institution located in Taft, California. Petitioner contests the outcome of a disciplinary hearing in which Petitioner was found to have committed the prohibited act of fighting. As a result, Petitioner lost twenty-seven (27) days of good conduct time.

     Petitioner claims his disciplinary record must be expunged and his time credits restored because the Bureau of Prisons failed to provide him with a copy of the incident report within twenty-

---

[1] This information was derived from the petition for writ of habeas corpus.

four hours as provided in the Bureau's Program Statement 5270.07. <u>See</u> 28 C.F.R. § 541.15(a).

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. <u>Id.</u> at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." <u>Hill</u>, 472 U.S. at 455, *citing* <u>United States ex rel. Vatauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106 (1927)

Petitioner concedes he was not denied the minimum due process rights set forth above. Rather, Petitioner claims the Bureau failed to abide by the time limitations set forth in 28 C.F.R. § 541.15(a). Section 541.15(a) states:

> Staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident.

In Petitioner's case, he was not given a copy of the report until 48 hours after staff became aware of

Petitioner's involvement in the incident. According to the documents submitted by Petitioner in the petition, the Bureau explained the reasons for the delay to Petitioner. Nevertheless, Petitioner maintains his record should be expunged of the incident and his good time credits must be restored because he experienced a 24-hour delay.

The petition should be dismissed as it is plainly without merit. First, the program statement states that a written copy shall be given to the inmate "ordinarily within 24 hours." Therefore, the government acknowledges that there may be situations when the inmate is not given a copy of the report within 24 hours. As it turned out, this was not the ordinary situation, and the reasons for the delay were explained to Petitioner. Second, as stated above, Petitioner is not afforded the full panoply of rights in a disciplinary hearing. Wolff, 418 U.S. at 556. Here, all minimum due process requirements were met. The Constitution does not require more. Third, Petitioner has not shown any prejudice resulting from the government's failure to provide him a copy of the incident report for an additional 24 hours. Petitioner was given more than 24 hours advance notice prior to the hearing. Therefore, Petitioner had adequate time to prepare his defense.

Petitioner's citation to Carey v. Piphus, 435 U.S. 247 (1978), does not alter the Court's analysis. Carey is not applicable because the case involved an action by public school students against school officials where students were suspended without procedural due process. Id. Petitioner, on the other hand, is an inmate. Petitioner's procedural due process rights with respect to the disciplinary hearing are governed by Wolff and its progeny.

Therefore, the petition for writ of habeas corpus does not present a violation of the Constitution. It should be dismissed.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED with prejudice. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a

1  copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendation." Any reply to the objections shall be served and filed within ten
3  days after service of the objections. The parties are advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
5  1153 (9th Cir. 1991).
6  IT IS SO ORDERED.
7  **Dated:      May 5, 2006**              /s/ Lawrence J. O'Neill
   b9ed48                                   UNITED STATES MAGISTRATE JUDGE